## Henry Burbach, Appellee, v. P. F. McCarthy, Appellant.

### Gen. No. 14,141.

APPEALS AND ERRORS—*when finding of judge will be set aside and final judgment entered.* If a case has been tried before the court without a jury and the finding of the court upon the facts is manifestly contrary to the probative force of the evidence, such finding will be set aside on appeal and final judgment entered according to the effect of the evidence.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the October term, 1907. Reversed and judgment here. Opinion filed February 4, 1909.

M. HENRY GUERIN, for appellant.

MAITLAND J. MERKI, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This cause has been tried twice at *nisi prius* before two judges—first, Judge Pinckney, and second, Judge Mack. Each contestant alternately prevailed—a breathing example of the uncertainty of judicial processes. Both trials were by the presiding judges, without a jury. Preceding these trials defendant was cast in a trial before a Cook county justice of the peace, from which he appealed to the Circuit Court. The judgment sought to be reversed on this review is for $160 and costs rendered against defendant. The cause having originated before a justice of the peace, there are no written pleadings. Plaintiff places his right to recover upon the proposition that he employed McCarthy, the defendant, to purchase for plaintiff, as his agent, a specified piece of real estate, which defendant did, and made a secret profit, con-

trary to his legal duty, which secret profit plaintiff had a legal right to recover as being money in contemplation of law received to plaintiff's use. We quite agree with plaintiff's counsel in his contention that there is but one question presented for decision, which arises out of the proofs in the record, and that question is not one of law, but of fact, viz: Was McCarthy the agent of Burbach when he purchased the property from James Conway? To this point counsel for contestants and the court are in harmony. We will recite some of the facts pertinent to support the conclusion to which we have arrived as such facts appear from the record before us. Defendant was a real estate broker, conducting such business under the style of P. F. McCarthy & Co. at State and Thirty-ninth streets, Chicago. The real estate sold to plaintiff was at 4400 Princeton avenue, Chicago, about three-fourths of a mile from defendant's place of business.

The contract for the sale of 4400 Princeton avenue is in writing, dated February 3, 1906, and states the consideration, which is the same sum appearing as the consideration in the deed subsequently given in compliance with the terms of the contract. This contract of sale was signed James Conway by "P. F. McCarthy & Co., Agt." and by plaintiff in person. The evidence shows that the title to the property originally stood in the name of the mother of James Conway, and that for convenience the title was subsequently conveyed to her son; that notwithstanding the change in the title, Mrs. Conway continued to manage the property, and that all the negotiations in relation to its sale were had by defendant with the mother and not with the son; that the contract of sale was made pursuant to negotiations conducted between defendant and an employe of his office and Mrs. Conway, who had listed the property with defendant for sale. James Conway, it is true, as he testifies, did not list the property with McCarthy, but it is equally true that his mother did so for him. Furthermore, James

Conway ratified the actions of his mother by his letter to defendant two days thereafter, in which he says: "I hereby authorize you to sell the property known as 4400 Princeton avenue, and I agree to accept the sum of $3,800 net to me. You are to provide for your commissions and all other expenses including abstract above this figure mentioned."

Whatever the ethics of this situation may be, as to the Conways, it certainly had no effect on any ethical or legal right of plaintiff. So far as plaintiff is concerned, there was nothing secret about the price, or any attempt, so far as we can discover from the evidence, to deceive plaintiff concerning the terms of purchase. When the sale was ripe for closing, defendant wrote plaintiff to bring two checks with which to pay the purchase price, one for $3,700, and the other for $325, which together make the sum total of the contract price. There is nothing in the letters introduced by plaintiff received from defendant, answering plaintiff's inquiries about terms of sale of certain real estate, from which it can be inferred that defendant was the agent of plaintiff. It is not out of the ordinary business method for a party seeking to purchase real estate to apply to a real estate agent for location and terms of property on the market for sale; the custom is almost universal that the seller pays the selling agent's commissions unless there is an understanding to the contrary. The correspondence, contract, deeds, and other exhibits introduced by plaintiff lend strong corroboration to defendant's insistence that he was the agent of Conway and not of plaintiff.

The finding of the trial court is so manifestly contrary to the probative force of the evidence that the judgment of the Circuit Court must be reversed. As the trial was by the court without the intervention of a jury, there is no reason for remanding the cause for another trial, but we will do here what, in our

opinion, the court below should have done, by entering a finding and judgment for the defendant.

The judgment of the Circuit Court is reversed with a finding for defendant and a direction that a judgment be entered thereon in his favor in this court.

*Reversed and judgment here.*